996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paula BOGYUS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-4210.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Paula Bogyus appeals a district court judgment which affirmed the Secretary's denial of her applications for social security disability benefits and supplemental security income. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Bogyus alleged that she became disabled on April 8, 1989, due to systemic lupus erythematosus ("SLE"). An Administrative Law Judge ("ALJ") found that Bogyus had severe impairments consisting of diffuse arthralgias and early glaucoma, even though her condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. He also found that Bogyus retained the capacity to perform a full range of light work, even though she was unable to perform her past work as a nurse's aide. Thus, the ALJ found that Bogyus was not disabled by relying directly on the medical vocational guidelines that are found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.17.
 
 
 4
 The ALJ's opinion became the final decision of the Secretary on March 21, 1991, when the Appeals Council declined further review. On October 14, 1992, the district court awarded summary judgment to the Secretary. It is from this judgment that Bogyus now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 7
 Bogyus argues that her condition meets or equals the description of disabling lupus that is found in the listing of impairments. The Secretary must find that Bogyus is disabled if her condition meets or equals a listed impairment, without consideration of her age, education or work experience. See 20 C.F.R. §§ 404.1520 and 416.920. Bogyus argues that her condition meets the following description of SLE, which is found at § 10.04 of the listing of impairments:
 
 
 8
 Disseminated lupus erythematosus (established by a positive LE preparation or biopsy or positive ANA test.) With frequent exacerbations demonstrating involvement of renal or cardiac or pulmonary or gastrointestinal or central nervous systems.
 
 
 9
 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 10.04. Bogyus must satisfy two requirements to meet this listing. First, she must present specific medical evidence to support a diagnosis of SLE. Second, she must present medical findings which show that her impairment is severe. See 20 C.F.R. §§ 404.1525(c) and (d).
 
 
 10
 Despite some confusion in the record, it is clear that Bogyus has met the threshold test for this listing because the results of three positive antinuclear antibody (ANA) tests support a diagnosis of lupus. In addition, the testimony of the medical advisor indicates that Bogyus tested positively for the presence of ANA. Finally, the ALJ acknowledged that these reports demonstrated "a positive ANA factor but no elevated sedimentation rate or other abnormalities." The medical advisor noted that Bogyus had tested negatively for anti-DNA antibodies, which was a contraindication of active SLE. However, the Secretary may not impose a stricter requirement than that which is specifically set out in the regulations, see Gambill v. Bowen, 823 F.2d 1009, 1013 (6th Cir.1987), and neither a positive anti-DNA antibody test nor an abnormal sedimentation rate is required under § 10.04 for a diagnosis of SLE. Thus, Bogyus has met the diagnostic element of the listing because objective medical evidence indicates that she tested positively for ANA.
 
 
 11
 Even so, Bogyus must show that her condition is severe enough to meet § 10.04. Bogyus argues that she has met this element of the listing because the medical record shows frequent exacerbations involving her renal, pulmonary and gastrointestinal systems. The ALJ did not make a specific finding regarding severity because he adopted the medical advisor's opinion that Bogyus did not have active lupus. Once again, this is contrary to the regulations. Thus, a remand is necessary to allow the Secretary to consider the severity of Bogyus symptoms in the first instance. See Listenbee v. Secretary of Health and Human Servs., 846 F.2d 345, 352 (6th Cir.1988) (per curiam); Johnson v. Secretary of Health and Human Servs., 794 F.2d 1106, 1113-14 (6th Cir.1986).
 
 
 12
 It would not be appropriate to consider the vocational evidence when there is still a possibility that Bogyus could be found to be disabled based on the medical evidence alone. See Johnson, 794 F.2d at 1113-14. Therefore, we will not reach the issue of whether Bogyus was able to perform a wide range of light work despite her allegations of disabling pain.
 
 
 13
 Accordingly, the district court's judgment is vacated and the case is remanded with directions to remand the case to the Secretary for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, U.S. District Judge for the Eastern District of Michigan, sitting by designation